IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Stacey Darlene Poole,<br><br>　　　Plaintiffs,<br><br>vs.<br><br>Black, Slaughter & Black, P.A.,<br><br>　　　Defendant. | 0:20-3499-TLW<br><br><br>**COMPLAINT**<br>**JURY TRIAL DEMANDED** |

The Plaintiffs named above, complaining of the Defendants herein, would respectfully show unto the Court:

**PARTIES**

1. Plaintiff Stacey Darlene Poole is a citizen and resident of the County of York, State of South Carolina.

2. Black, Slaughter & Black, P.A. (hereinafter "Defendant") is a professional association organized and existing under the laws of the State of North Carolina. At all times relevant herein, Defendant purposefully engages in business in the various counties of the State of South Carolina including the County of York.

3. Defendant regularly engages in the collection of consumer debt on behalf of homeowners associations within the borders of the State of South Carolina[1].

---

[1] http://www.lawfirmcarolinas.com/homeowner_condo_assoc.cfm

4. Defendant employs attorney David Wilson (hereinafter "Wilson") as an attorney whose principal area of practice is the collection of debts from consumers including, but not limited to, debts allegedly owed by consumers to homeowners associations[2].

## JURISDICTION & VENUE

5. This Court has subject-matter jurisdiction, pursuant to 28 U.S.C.A. § 1331, over the claims in this lawsuit.

6. This Court has personal jurisdiction because the events giving rise to the matter in controversy occurred within the State of South Carolina.

7. This Court has supplemental jurisdiction to hear and decide relevant causes of action arising under the laws of the State of South Carolina.

8. Venue is proper under 28 U.S.C. § 1391(b), as all events giving rise to the claims occurred in this district.

9. Venue is proper in this division pursuant to Local Civil Rule 3.01 DSC.

## FACTUAL ALLEGATIONS

10. Plaintiff is the owner of a house within the Cole Creek Homeowners Association (hereinafter "HOA") which is located within the County of York.

11. A dispute has arisen between Plaintiff on the one side HOA on the other regarding the maintenance of the common areas in and around Plaintiff's home and whether Plaintiff should pay homeowners association dues in light of HOA's alleged failure to maintain the common area.

12. HOA engaged the services of Defendant to collect a debt allegedly owed for unpaid assessments.

---

[2] http://www.lawfirmcarolinas.com/attorney_profiles_details.cfm?aid=18

13. HOA, by and through Defendant, served legal process and instituted a civil action in the County of York with a civil action number 2018-CP-46-03714.

14. Plaintiff then engaged the undersigned as her counsel to defend her from the HOA's action and to assert counterclaims.

15. Plaintiff's counsel filed an answer and counterclaims in civil action 2018-CP-46-03714 on December 27, 2018.

16. At all times relevant herein, Defendant knew that Plaintiff was represented by counsel in 2018-CP-46-03714.

17. At all times relevant herein, Defendant knew that Plaintiff was contesting the foreclosure of her house for a debt alleged by the HOA.

18. On September 11, 2020, Defendant mailed a notice of hearing directly to Plaintiff in violation of the South Carolina Rules of Professional Conduct Rule 4.2 which prohibits the contact of persons represented by counsel. This notice of hearing is attached hereto as Exhibit 1 and is incorporated by reference herein.

19. Exhibit 1 also contains a false and misleading statement regarding the Plaintiff's debt to wit: that the hearing would be uncontested based on a failure to plead.

20. Exhibit 1 also directed Plaintiff to contact Mr. Wilson instead of her own counsel if Plaintiff intended to call witnesses.

21. Undersigned counsel immediately objected to Defendant's direct contact of Plaintiff and the false statement contained therein with a direction to immediately cease and desist from any further direct contact. The email to this effect is attached hereto as Exhibit 2 and is incorporated by reference herein.

22. Mr. Wilson replied to undersigned counsel's email stating the notice was sent out inadvertently. The email to this effect is attached hereto as Exhibit 3 and is incorporated by reference herein.

23. On September 18, Defendant again mailed a notice of hearing directly to Plaintiff in violation of the South Carolina Rules of Professional Conduct Rule 4.2. This notice is attached hereto as Exhibit 4 and is incorporated by reference herein.

24. Exhibit 4 also contains a false and misleading statement regarding the Plaintiff's debt to wit: that the hearing would be uncontested based on a failure to plead.

25. Exhibit 4 also contains the direction to contact Mr. Wilson—and not her attorney—if Plaintiff was going to call witnesses at the hearing.

26. Exhibit 4 was sent knowingly and intentionally by Defendant.

## FOR A FIRSTCAUSE OF ACTION
### Violation of the Fair Debt Collection Practices Act

27. Each and every allegation contained in the preceding paragraphs is reiterated as if repeated verbatim to the extent it is not inconsistent with this cause of action.

28. Plaintiff hereby incorporates Fair Debt Collection Practices Act, (hereinafter "FDCPA"), 15 U.S.C.A. § 1692, *et seq.,* by reference.

29. Plaintiff is a "consumer" within the meaning of the FDCPA.

30. Defendant is a "debt collector" within the meaning of FDCPA.

31. Plaintiff has been the object of a collection activity by Defendant.

32. Defendant is attempting to collect a debt—homeowners association assessments—that are a consumer debt within the meaning of the FDCPA.

33. Defendant has engaged in one or more act or omission that is prohibited by the FDCAP including, *inter alia:* the two notices mailed by Defendant to Plaintiff are false and misleading in that they falsely represent the character, amount, and legal status of the debt; using a false representation or deceptive means to attempt to collect the debt; unfair or unconscionable means to collect a debt by communicating directly with Plaintiff while Plaintiff was represented by counsel, continuing to contact Plaintiff directly after being specifically directed not to do so by Plaintiff's counsel, and directing Plaintiff to speak to Defendant regarding the calling of witnesses.

34. Plaintiff has suffered damages as will be proven at trial including, but not limited to, statutory damages as allowed, actual and consequential damages.

## FOR A SECOND CAUSE OF ACTION
### South Carolina Tort Claims Act

35. Each and every allegation contained in the preceding paragraphs is reiterated as if repeated verbatim to the extent it is not inconsistent with this cause of action.

36. Defendant is subject to S.C. Code Ann. § 39-5-10 et. seq. because it regularly engages in trade and commerce within the boundaries of the State of South Carolina *including inter alia* by attempting to collect debts within South Carolina.

37. The communication by an attorney with a person who is represented by counsel is unlawful action.

38. The communication of false information by an attorney to person represented by another party is an unlawful act.

39. The instruction to Plaintiff to contact Defendant—and not her own attorney—is an unlawful act.

40. The act of mailing hearing notices to persons represented by counsel has the capability of being repeated. Defendant repeated the illegal conduct in the instant action by mailing a second notice to Plaintiff after being specifically directed not to do so.

41. The actions of Defendant effect the public interest because collection attorneys contacting represented parties is capable of being repeated, and it has been repeated in the instant action.

42. Plaintiff has suffered damages as will be proven at trial including, but not limited to, statutory trebled damages as allowed, actual and consequential damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be rendered against the Defendant as follows:

a. For actual damages, compensatory damages, and consequential damages as may be proven at trial;

b. For statutory damages and attorneys' fees;

c. For trebled damages as may be proven at trial if allowed;

d. For prejudgment interest, postjudgment interest, and costs; and

e. For such other and further relief as the Court may deem just and proper.

f.

THE LAW OFFICES OF JASON E. TAYLOR, P.C.
 s/ Brian Gambrell
Brian C. Gambrell (FED ID NO. 7632)
Office Address:
2000 Park Street, Suite 102
Columbia, SC 29201

<div style="margin-left: 40%;">
<u>Mailing Address:</u>
P.O. Box 2388
Hickory, NC 28603
Telephone: (800) 351-3008
Facsimile: (828) 327-9008
bgambrell@jasonetaylor.com
Attorney for Plaintiff
</div>

Columbia, South Carolina
October 2, 2020