**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION**

| | | |
|---|---|---|
| Stacey Darlene Poole, | ) | 0:20-cv-3499-TLW |
| | ) | |
|         Plaintiff, | ) | |
| v. | ) | **DEFENDANT'S** |
| | ) | **MOTION TO DISMISS PLAINTIFF'S** |
| Black, Slaughter & Black, P.A., | ) | **AMENDED COMPLAINT** |
| | ) | |
|         Defendant. | ) | |
| | ) | |

COMES NOW Defendant Black, Slaughter & Black, P.A. ("Defendant"), by and through its undersigned counsel, and hereby moves this Honorable Court for an order dismissing Plaintiff Stacey Darlene Poole's ("Plaintiff") Amended Complaint, filed October 30, 2020 (Dkt. # 8) with prejudice, pursuant to Rule 12(b)(6), FRCP.  Plaintiff's Amended Complaint fails to state claims upon which relief can be granted under the Fair Debt Collection Practices Act ("FDCPA") and/or the South Carolina Unfair Trade Practices Act ("SCUTPA"). In support of this Motion, Defendant would respectfully show the Court as follows:

## INTRODUCTION

This is a frivolous action for alleged violations of the FDCPA and SCUTPA by Defendant, arising from the mistaken and unintentional transmission to Plaintiff of two Notices of Hearing in an underlying state law foreclosure case in September, 2020.

## FACTS AND PROCEDURAL HISTORY

Plaintiff owns real property within the Cole Creek Subdivision in York County, South Carolina.  By virtue of her property ownership, Plaintiff is a member of Cole Creek Homeowners Association, Inc ("Association").  Due to Plaintiff's failure to pay assessments levied by the Association, the Association retained Defendant to commence a foreclosure action against Plaintiff, pursuant to the Association's governing documents.  A lien for unpaid assessments

against Plaintiff's property was filed on or about April 19, 2018 in Book 452, Page 23 of the York County Registry ("Assessment Lien"). On December 7, 2018, Defendant filed an action in the York County Court of Common Pleas against Plaintiff for foreclosure of the Association's Assessment Lien[1] ("Underlying Action").

Plaintiff filed an Answer and Counterclaim on December 27, 2018. As in this action, Plaintiff is represented in the Underlying Action by attorney Brian Gambrell ("Gambrell"). The parties have actively litigated the Underlying Action since December, 2018. On behalf of the Association in the Underlying Action, Defendant filed a motion for summary judgment on November 26, 2019 ("Summary Judgment Motion"). The Association's motion has not yet been heard, but pursuant to a certain Status Conference Report, filed January 21, 2020 and attached hereto as Exhibit "A", Plaintiff failed to respond to interrogatories and requests to admit propounded on her by the Association.

On or around September 9, 2020, Defendant mistakenly mailed a Notice of Hearing to Plaintiff ("9/9 Notice"). The 9/9 Notice was a form notice, contained no information regarding Plaintiff's alleged delinquent assessments, and described general hearing procedures for default cases. Specifically, the 9/9 Notice stated: "[T]his case is being treated as an uncontested matter based on your failure to plead or to otherwise respond as required by law." Further, it requested Plaintiff to contact David C. Wilson ("Wilson"), an attorney employed by Defendant, if Plaintiff intended to appear at the hearing and contest the foreclosure.

On September 14, 2020, Gambrell contacted Wilson to notify him of Plaintiff's receipt of the 9/9 Notice and request that Defendant cease further communication with Plaintiff. Wilson responded, explaining the 9/9 Notice had been sent inadvertently, and he requested Gambrell's

---

[1] *Cole Creek Homeowners Association Inc VS Stacey D. Poole*, 2018-CP-46-03714.

availability for October hearing dates. After discussion, Wilson and Gambrell agreed to a November 3 hearing date. Thereafter, a paralegal for Defendant sent to Wilson a draft Amended Notice of Hearing ("Amended Notice") setting forth the new hearing date. Wilson revised the Amended Notice to remove the language regarding default cases.

The Amended Notice was intended for Gambrell only. However, due to inadvertence and mistake on the part of the paralegal, the original, non-revised Amended Notice was sent to Plaintiff on September 18, 2020. Other than containing a revised hearing date, the Amended Notice was substantially similar to the 9/9 Notice. Gambrell was timely made aware of Plaintiff's receipt of both Notices of Hearing, and Plaintiff's Amended Complaint does not allege Plaintiff relied upon the statements contained in the Notices of Hearing or otherwise altered her conduct with regard to the Underlying Action as a result of receiving the Notices of Hearing.

Despite an absence of harm to Plaintiff from receiving the Notices of Hearing—and with Plaintiff at a potential procedural disadvantage with regard to the Association's Summary Judgment Motion—Gambrell filed a motion for sanctions against the Association and Defendant on September 30, 2020 ("Sanctions Motion"). The Sanctions Motion is attached hereto as Exhibit "B" and is based on the same occurrences forming the basis of Plaintiff's claims in this action, which was filed shortly after the filing of the Sanctions Motion, on or around October 2, 2020. This action, in conjunction with the Sanctions Motion, appear to be an attempt by Plaintiff to gain an improper advantage in the Underlying Action.

## PROCEDURAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Barrett v. Pae Government Services, Inc.*, 975 F.3d 416, 434 (4th Cir. 2020) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129

S.Ct. 1937, 173 L.Ed.2d 868 (2009)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937. "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955.

## ARGUMENT

**I.    The Notices of Hearing sent to Plaintiff do not constitute prohibited "communications" for purposes of the FDCPA.**

The FDCPA provides, in relevant part: "[A] debt collector may not communicate with a consumer in connection with the collection of any debt…if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address…" 15 U.S.C. § 1692c.(a)(2). Further, "communication" is defined as "the conveying of information regarding a debt directly or indirectly to any person through any medium." 15 U.S.C. § 1692a.(2). To evaluate whether a document constitutes a prohibited communication under the FDCPA, courts consider "the absence of a demand for payment," "[t]he nature of the parties' relationship," and the objective "purpose and context of the communication." *Olson v. Midland Funding, LLC*, 578 Fed.Appx. 248, 251 (4th Cir. 2014) (citing *Gburek v. Litton Loan Servicing LP*, 614 F.3d 380, 385 (7th Cir. 2010). Moreover, the existence of a debtor-debt collector relationship alone is not sufficient for a communication not referencing the debtor's outstanding debt to be made "in connection with the collection of any debt." *See id*.

4

Here, the Notices of Hearing sent to Plaintiff contain no information relating to the alleged amounts of unpaid assessments owed by Plaintiff to the Association. They also contain no demands for payment. The documents merely informed Plaintiff of: (1) the hearing dates; (2) available means of hearing attendance; (3) Defendant's intent to treat the hearings as default hearings; and (4) Defendant's request for notification from Plaintiff regarding Plaintiff's intent to appear at the hearings and contest the foreclosure. Contrary to Plaintiff's allegations, none of the statements in the Notices of Hearing even address—much less misrepresent—the "character, amount, or legal status," 15 U.S.C. 1692e.(2)(A), of the debt allegedly owed by Plaintiff.

It is clear the objective purpose of the notices was to inform Plaintiff of the details relating to the future hearings, and to determine whether Defendant would need to present live testimony at the hearings. Therefore, because the Notices of Hearing convey no information regarding the debt and were not intended to induce payment by Plaintiff, they do not constitute prohibited "communications" under the FDCPA, and the Court should dismiss this action.

**II.     The statements contained in the Notices of Hearing were not material.**

Even if the Court finds the Notices of Hearing constitute "communications" under the FDCPA, the Court should dismiss this action because the statements contained therein were not material and did not alter or influence Plaintiff's decision-making with regard to the Underlying Action. "[A] false statement is only actionable under the FDCPA if it has the potential to affect the decision-making process of the least sophisticated debtor; in other words, it must be *material* when viewed through the least sophisticated debtor's eyes." *Jensen v. Pressler & Pressler*, 791 F.3d 413, 421 (3d Cir. 2015). "If a statement would not mislead the unsophisticated consumer, it does not violate the [Act]--even if it is false in some technical sense." *Hahn v. Triumph Partnerships*, 557 F.3d 755, 758 (7th Cir. 2009).

While certain of the statements contained in the Notices of Hearing were false, Plaintiff's Complaint does not allege any such statements affected her decision-making regarding the Underlying Action. Plaintiff took no action in response to the Notices of Hearing, other than conveying the notices to her counsel soon after receiving them. *See* Amended Compl. ¶ 22 ("Undersigned counsel, after receiving communication from Plaintiff, immediately objected to Defendant's direct contact of Plaintiff…with a direction to immediately cease and desist from any further direct contact."). Further, Plaintiff does not allege the false statements contained in the Notices of Hearing would mislead an unsophisticated consumer. As noted above, the Notices of Hearing do not contain any statements directly relating to the debt owed by Plaintiff. The notices simply notify Plaintiff "that this case is being treated as an uncontested matter based on your failure to plead or to otherwise respond as required by law."

While false, the above statement would not mislead the unsophisticated consumer because the consumer could easily verify its accuracy by examining the public records for York County, to determine whether a responsive pleading had been filed on his or her behalf. Additionally, the consumer would presumably have personal knowledge regarding the filing of an Answer or other response to the Association's foreclosure Complaint in the Underlying Action, such that he or she would not be misled by the contrary statements contained in the form notices. "Although the least sophisticated debtor standard is 'lower than the standard of a reasonable debtor,' it 'preserv[es] a quotient of reasonableness and presum[es] a basic level of understanding and willingness to read with care.'" *Rosenau v. Unifund Corp.,* 539 F.3d 218, 221 (3d Cir. 2008) (citing *Wilson v. Quadramed Corp.,* 225 F.3d 350, 354–55 (3d Cir.2000)). Accordingly, after a careful reading of the Notices of Hearing, even the least sophisticated debtor in Plaintiff's position would not be

6

misled by the statements contained therein.  Therefore, such statements are not material, they do not violate the FDCPA, and the Court should dismiss Plaintiff's claims.

**III.     Any purported FDCPA violation arising from the Plaintiff's receipt of the Notices of Hearing resulted from a bona fide error.**

To the extent the transmission of the Notices of Hearing, and the statements contained therein, to Plaintiff violates the FDCPA—which Defendant expressly denies—Defendant cannot be liable to Plaintiff because the alleged violations resulted from bona fide inadvertence and mistake on the part of Defendant's staff.  Pursuant to 15 U.S.C. 1692k.(c), "A debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error."

In this case, the mailing of the Notices of Hearing directly to Plaintiff was clearly unintentional.  In the Affidavit of Leeann Simpson, attached hereto as Exhibit "C," Wilson's paralegal states: "On September 9, 2020, I accidentally mailed out a preliminary copy of the notice of hearing," and "On September 18, 2020, I sent David Wilson an amended notice of hearing for the November 3 hearing date.  He made revisions…I then mistakenly sent out the unrevised version…to be filed and served."  Aff. of Leeann Simpson, ¶¶ 2-3.  Further, as shown by the Affidavit of David Wilson, attached hereto as Exhibit "D," Defendant had in place procedures reasonably designed to prevent such mistakes.  Specifically, paralegals were supposed to send preliminary notices of hearing to attorneys for review and approval prior to sending the notices out.  *See, e.g.*, Aff. of David Wilson, ¶ 2 ("Leeann…sent me a preliminary copy of the notice of hearing for review…); ¶ 13 ("I reviewed the amended notice of hearing, making changes to it, and sent to Leeann to be filed and served and to email a copy to Gambrell's secretary.  Unlike the previous version, this version was to be sent only to Gambrell…").

The above described process of attorney review and approval is intended to identify and prevent potential mistakes in litigation, such as direct communication with represented parties. At no time did Defendant, or its agents or employees, intend to communicate directly with Plaintiff. As the Affidavits of Leeann Simpson and David Wilson demonstrate, the mailing of the Notices of Hearing to both Plaintiff and her counsel were the result of innocent and bona fide errors, for which Wilson has already apologized to Plaintiff's counsel. Pursuant to 15 U.S.C. 1692k.(c), Defendant may not be held liable for the errors, and the Court should dismiss this action.

IV.    **Plaintiff has not suffered a monetary or property loss, as required under the SCUTPA.**

To recover in an action under the SCUTPA, a plaintiff must show: (1) the defendant engaged in an unfair or deceptive act in the conduct of trade or commerce; (2) the unfair or deceptive act affected [the] public interest; and (3) the plaintiff suffered monetary or property loss as a result of the defendant's unfair or deceptive act(s). *RFT Management Co., L.L.C. v. Tinsley & Adams L.L.P.*, 399 S.C. 322, 337, 732 S.E.2d 166, 174 (2012). Here, Plaintiff's Amended Complaint fails to allege that Plaintiff suffered a loss of money or property as a result of any alleged conduct on the part of Defendant. Accordingly, the Court should dismiss Plaintiff's SCUTPA claim.

V.    **Defendant is entitled to an award of its attorneys' fees incurred in defending this action.**

Pursuant to 15 U.S.C. § 1692k.(a)(3), "[o]n a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs." As discussed above, no valid ground for this action exists, and it is likely that Plaintiff brought the claims asserted herein in bad faith, to harass Defendant, and for the purpose of attempting to gain an

improper advantage in the Underlying Action.  Accordingly, Defendant respectfully requests an award of its attorneys' fees incurred in the defense of this action.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests this Court to dismiss Plaintiff's Amended Complaint with prejudice, with all costs assessed to Plaintiff, and for such other and further relief as the Court deems just and proper. Defendant further reserves the right to supplement this motion with additional written memoranda to be filed prior to a hearing.  Pursuant to Rule 12(d), FRCP, Defendant also reserves the right to request conversion of this motion to a motion for summary judgment in the event the Court considers matters outside the pleadings filed in this action.

This 13th day of November, 2020.

Respectfully submitted,

COPELAND, STAIR, KINGMA & LOVELL, LLP

By:     *s/Douglas W. MacKelcan*
     DOUGLAS W. MACKELCAN

40 Calhoun Street, Suite 400
Charleston, South Carolina 29401
*dmackelcan@cskl.law*
*mmasciale@cskl.law*
Ph: 843-727-0307

Federal Bar No.:  10058
MICHAEL C. MASCIALE
Federal Bar No.: 12944

6449427v.1

9