IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Stacey Darlene Poole, | ) | 0:20-3499-TLW |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **ANSWER OF DEFENDANT** |
| | ) | ***JURY TRIAL DEMANDED*** |
| Black, Slaughter & Black, P.A., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

COMES NOW Defendant Black, Slaughter & Black, P.A ("Defendant"), by and through its undersigned counsel, and hereby responds to Plaintiff's Amended Complaint filed herein (Dkt. #8). Defendant would respectfully show this Court as follows:

**FOR A FIRST DEFENSE**
**(General Denial)**

1. Each and every allegation contained in the Amended Complaint which is not hereinafter specifically admitted is denied, and strict proof thereof is demanded.

**FOR A SECOND DEFENSE**

2. Defendant admits Paragraphs 1, 2, and 3 of the Amended Complaint.

3. In responding to Paragraph 4, Defendant admits that it employs attorney David Wilson as an attorney whose principal area of practice is the representation of condominium and homeowners associations. Defendant denies any allegations of Paragraph 4 inconsistent herewith.

4. Defendant admits Paragraphs 5 and 6 of the Amended Complaint.

5. Upon information and belief, Paragraph 7 of the Amended Complaint constitutes legal conclusions to which no response is required. In the event a response is required, Defendant denies Paragraph 7.

6. Defendant admits Paragraphs 8, 9, 10, 11, 12 and 13 of the Amended Complaint.

7. Defendant admits Paragraph 14 of the Amended Complaint upon information and belief.

8. Defendant admits Paragraphs 15, 16 and 17 of the Amended Complaint.

9. Defendant admits only so much of Paragraph 18 that alleges on September 11, 2020, Defendant mailed a notice of hearing to Plaintiff, and that said notice of hearing is attached to Plaintiff's Amended Complaint as Exhibit 1. Defendant denies the remaining allegations of Paragraph 18.

10. In responding to Paragraphs 19 and 20, Defendant craves reference to the notice of hearing attached to Plaintiff's Amended Complaint as Exhibit 1 as the best evidence of its contents, and Defendant denies any allegations contained in Paragraphs 19 and 20 inconsistent therewith.

11. Defendant lacks sufficient information to admit or deny the allegations of Paragraph 21 of the Amended Complaint.

12. Defendant admits only so much of Paragraph 22 that alleges Plaintiff's former counsel sent an email to Defendant regarding the notice of hearing, which is attached to Plaintiff's Amended Complaint as Exhibit 2. Defendant craves reference to said email as the best evidence of its contents and denies any allegations inconsistent therewith contained in Paragraph 22.

13. Defendant admits Paragraph 23 of the Amended Complaint.

14. Defendant admits only so much of Paragraph 24 that alleges on September 18, 2020, Defendant mailed a subsequent notice of hearing to Plaintiff, and that said notice of hearing is attached to Plaintiff's Amended Complaint as Exhibit 4. Defendant denies the remaining allegations of Paragraph 24.

15. In responding to Paragraphs 25 and 26, Defendant craves reference to the notice of hearing attached to Plaintiff's Amended Complaint as Exhibit 4 as the best evidence of its contents, and Defendant denies any allegations contained in Paragraphs 25 and 26 inconsistent therewith.

16. Defendant denies Paragraph 27 of the Amended Complaint.

17. Defendant lacks sufficient information to admit or deny Paragraphs 28 and 29 of the Amended Complaint.

18. In responding to Paragraph 30, Defendant incorporates and reasserts each and every foregoing response as if fully set forth herein verbatim.

19. In responding to Paragraph 31, Defendant craves reference to the official statutory text of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*.

20. Defendant is informed and believes that Paragraphs 32, 33, 34 and 35 constitute legal conclusions to which no response is required. In the event a response is required to any allegations contained in Paragraphs 32, 33, 34 and 35, any such allegations are denied.

21. Defendant admits only so much of Paragraph 36 that alleges it communicated with Plaintiff through two notices of hearing while Plaintiff was represented by counsel. Defendant denies the remaining allegations of Paragraph 36.

22. Defendant denies Paragraph 37 of the Amended Complaint.

23. In responding to Paragraph 38, Defendant incorporates and reasserts each and every foregoing response as if fully set forth herein verbatim.

24. Defendant is informed and believes that Paragraph 39 of the Amended Complaint constitutes legal conclusions to which no response is required.

25. In responding to Paragraphs 40 and 41, Defendant craves reference to the official statutory text of 15 U.S.C. § 1692c(a)(2) and denies any allegations contained in Paragraphs 40 and 41 inconsistent therewith.

26. Defendant is informed and believes that Paragraph 42 constitutes legal conclusions to which no response is required. In the event a response is required, Defendant denies Paragraph 42.

27. Defendant admits only so much of Paragraph 43 that alleges Defendant mailed a second notice of hearing to Plaintiff after being directed not to do so. Defendant denies the remaining allegations of Paragraph 43.

28. Defendant denies Paragraphs 44 and 45 of the Amended Complaint.

29. Defendant denies all relief sought in Plaintiff's Prayer for Relief, including in Paragraphs a, b, c, d, and e contained therein.

### FIRST AFFIRMATIVE DEFENSE
(*Bona Fide* Error)

30. Any alleged violation by Defendant of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, was not intentional and resulted from a *bona fide* error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error. Therefore, pursuant to 15 U.S.C. § 1692k(c), Defendant may not be held liable to Plaintiff.

### SECOND AFFIRMATIVE DEFENSE
(Failure to State a Claim)

31. Plaintiff's claims for violations of the Fair Debt Collection Practices Act and the South Carolina Unfair Trade Practices Act fail to state claims on which relief may be granted and should be dismissed pursuant to the provisions of Rule 12(b)(6), FRCP.

### THIRD AFFIRMATIVE DEFENSE
### (Lack of Materiality)

32.     Any alleged misstatements contained in the notices of hearing sent to Plaintiff do not have the potential to mislead the least sophisticated consumer. Therefore, any such misstatements are not material and cannot form the basis of a valid claim under the Fair Debt Collection Practices Act.

### FOURTH AFFIRMATIVE DEFENSE
### (No Adverse Effect on Public Interest)

33.     Defendant's alleged conduct complained of in Plaintiff's Amended Complaint did not adversely affect the public interest and does not have the potential for repetition. Therefore, Plaintiff cannot maintain a claim against Defendant for violation of the South Carolina Unfair Trade Practices Act.

### FIFTH AFFIRMATIVE DEFENSE
### (Lack of Willfulness)

34.     In the event the Court finds Defendant's alleged conduct complained of in Plaintiff's Amended Complaint violates the South Carolina Unfair Trade Practices Act, any such conduct does not constitute a willful or knowing violation of the Unfair Trade Practices Act. Accordingly, Plaintiff may not recover treble damages.

### SIXTH AFFIRMATIVE DEFENSE
### (Bad Faith/Improper Purpose)

35.     That Plaintiff may have brought this action in bad faith and for the purpose of harassing Defendant, in an attempt to obtain an improper advantage in the underlying homeowners association assessment foreclosure action out of which this action arose. Pursuant to 15 U.S.C. § 1692k(a)(3), Defendant is entitled to recover from Plaintiff its attorney's fees, in an amount to be determined by the Court.

## SEVENTH AFFIRMATIVE DEFENSE
(General Reservation)

36. Defendant reserves any additional and further defenses as may be revealed by additional information during the course of discovery and investigation, and as are consistent with the Federal Rules of Civil Procedure.

WHEREFORE, having fully responded to the Amended Complaint, Defendant demands that Plaintiff's claims be dismissed with costs taxed against Plaintiff. Defendant demands a bifurcated jury trial on any issues relating to punitive damages and a jury trial on all appropriate issues.

This 12th day of April, 2021.

Respectfully submitted,

COPELAND, STAIR, KINGMA & LOVELL, LLP

By: *s/Douglas W. MacKelcan*
DOUGLAS W. MACKELCAN
Federal Bar No.: 10058
MICHAEL C. MASCIALE
Federal Bar No.: 12944

40 Calhoun Street, Suite 400
Charleston, South Carolina 29401-3531
dmackelcan@cskl.law
mmasciale@cskl.law
Ph: 843-727-0307

6544725v.1