## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Stacey Darlene Poole,** | Civil Action No. 0:20-3499-TLW |
| **Plaintiff,** | |
| **vs.** | **PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |
| **Black, Slaughter & Black, P.A.,** | |
| **Defendant.** | |

Plaintiff hereby responds to the Defendant's motion for summary judgment in this action.

## <u>ARGUMENT</u>

Plaintiff incorporates herein by reference her previously filed motion for summary judgment on liability as to Plaintiff's the Fair Debt Collections Practices Act, 15 U.S.C. § 1692, *et seq*. (hereinafter "the Fair Debt Collection Practices Act") and the arguments contained therein, which address most of the Defendant's arguments.  In addition, the Plaintiff incorporates herein by reference her previously filed motion to expand her time to respond to requests for admission and the responses to requests for admission filed with that motion.

As to the Plaintiff's Unfair Trade Practices Act cause of action, the Plaintiff concedes that, because she has not suffered a monetary or property loss as a result of the Defendant's actions, the Defendant is entitled to summary judgment as to that cause of action.  The Defendant is not, however, entitled to summary judgment on her cause of action for violation of the Fair Debt Collection Practices Act.

The Defendant contends that it has processes in place designed to prevent unlawful communications to represented parties in debt collection actions, but neither of the affidavits filed with its motion mention or describe such a process.  (Dkt. Nos. 31-5, 31-6.)  The Defendant's

motion contends that these affidavits do that, but there are no such words in those affidavits. (Dkt. Nos. 31-5, 31-6.) The only process that is mentioned in the affidavits is that it is the Defendant's ordinary process to send hearing notices stating that its collection case defendants are in default. (Dkt. Nos. 31-5, 31-6.) The Defendant presents the court with a complete failure of proof with regard to its bona fide error defense.

As outlined in the plaintiff's motion for summary judgment, the Plaintiff had a proper purpose for bringing this action: addressing the Defendant's blatant and repeated violation of the Fair Debt Collection Practices Act.

Brian Gambrell testified in his deposition that the Plaintiff was upset and anxious as a result of receiving the false and misleading hearing notices from the Defendant. Such emotional damages are recoverable under the Fair Debt Collection Practices Act, even if emotional distress is not severe. See, e.g., Ford Motor Credit Corp. v. Sheehan, 373 So.2d 956 (Fla. Dist. Ct. App. 1979) (damages recoverable where consumer upset by unlawful debt collection communications); In re Maxwell, 281 B.R. 101 (Bank. D. Mass 2002) (actual damages may include emotional distress; proof need not meet state law negligent or intentional infliction of emotional distress standards, surveying case law). Further, even absent any actual damages, a prevailing plaintiff in a Fair Debt Collection Practices Act case is entitled to a statutory penalty and attorney's fees and costs. 15 U.S.C. § 1692k.

The Defendant is not entitled to summary judgment on the Fair Debt Collection Practices cause of action.

Respectfully submitted,

/s/ Andrew S. Radeker
Andrew S. Radeker
Fed. ID No. 10059
Harrison, Radeker & Smith, P.A.
Post Office Box 50143
Columbia, South Carolina 29250
(803) 779-2211
drew@harrisonfirm.com
ATTORNEY FOR PLAINTIFF

December 17, 2021

## **CERTIFICATE OF SERVICE**

This is to certify that on the date above, a true and correct copy of the above and foregoing, with its attachments, is being electronically transmitted to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to all ECF registrants currently of record in this case.

/s/ Andrew S. Radeker