IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Stacey Darlene Poole, | ) | 0:20-cv-3499-TLW |
|       Plaintiff, | ) | |
| v. | ) | **DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |
| Black, Slaughter & Black, P.A., | ) | |
|       Defendant. | ) | |

COMES NOW Defendant Black, Slaughter & Black, P.A. ("Defendant"), by and through its undersigned counsel, and respectfully submits this Reply Memorandum in Opposition to Plaintiff's Motion for Partial Summary Judgment ("Plaintiff's Motion" – Dkt. #30), filed December 3, 2021. In response to Plaintiff's Motion, Defendant expressly incorporates all legal and factual arguments contained in Defendant's Motion for Summary Judgment and Supporting Memorandum (Dkt. #31) filed December 3, 2021. In addition, Defendant would respectfully show the Court as follows:

## ARGUMENT

**I.     The Notices of Hearing sent to Plaintiff are not "communications" made in an attempt to collect a debt or in connection with the collection of a debt.**

Contrary to Plaintiff's assertions, the two Notices of Hearing inadvertently sent to Plaintiff do not constitute communications made in connection with the collection of any debt, as defined by the Fair Debt Collection Practices Act ("FDCPA"). Pursuant to the FDCPA, "a debt collector may not communicate with a consumer in connection with the collection of any debt…if the debt collector knows the consumer is represented by an attorney with respect to such debt …" 15 U.S.C. 1692c(a)(2). Further, "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. "The

term 'communication' means the conveying of information *regarding a debt* directly or indirectly to any person through any medium." 15 U.S.C. 1692a(2) (emphasis added).

Plaintiff relies on *Powell v. Palisades Acquisition XVI, LLC*, 782 F.3d 119 (4th Cir. 2014) for the proposition that to be actionable under the FDCA, a statement made by a debt collector need only be made "*in connection with the collection of any debt*" or in an "*attempt to collect any debt*." *Powell*, 782 F.3d at 124 (emphasis in original). However, *Powell* differs from the instant action in two important respects. First, in *Powell*, the defendant purchased a judgment already entered against the plaintiff in a Maryland state court debt collection action. *Id.* at 120. The defendant subsequently filed an Assignment of Judgment in the state court action, in an attempt to enforce the judgment against the plaintiff. *See id.* at 124. The Fourth Circuit concluded that under these facts,

> "it can hardly be disputed that when a person files an assignment of judgment in a debt collection action so as to be able to execute on the judgment, the person has taken action in connection with the collection of the judgment debt or as part of an attempt to collect the judgment debt."

*Id.* In reaching its conclusion, the Court further emphasized the "crucial role that the filing of an assignment of judgment plays in giving the assignee access to court-sanctioned enforcement procedures." *Id.* at 125.

Second, the Assignment of Judgment at issue in *Powell* contained misrepresentations regarding the total amount of the judgment entered against the plaintiff and the amount of payments the plaintiff had made thereon. *See id.* at 122 ("First, it reported a judgment in the total amount of $11,727.99, instead of the correct amount of $10,497.21…Second, it reported that Powell had made no payments on the judgment when, in fact, she had made $2,700 in payments."). It is clear that the above two statements directly related to the debt owed by the plaintiff in *Powell*.

2

Here, however, the Notices of Hearing ("Notices") sent to Plaintiff contain no statements regarding the debt allegedly owed by Plaintiff in the underlying assessment lien foreclosure action. The Notices only notify Plaintiff of: (1) the hearing dates; (2) available means of hearing attendance; (3) Defendant's intent to treat the hearings as default hearings; and (4) Defendant's request for notification from Plaintiff regarding Plaintiff's intent to appear at the hearings and contest the foreclosure. They do not identify the debt allegedly owed by Plaintiff, nor do they contain any information relating to its nature, status, or amount. Additionally, they do not constitute a substantive step towards enforcement of the debt, unlike the Assignment of Judgment in *Powell* or the motion for summary judgment at issue in *Sayyed v. Wolpoff & Abramson*, 485 F.3d 226 (4th Cir. 2007), which Plaintiff also cites.

Plaintiff's argument overlooks the plain language of the FDCPA, which defines "communication" as "the conveying of information ***regarding a debt*** directly or indirectly to any person through any medium." 15 U.S.C. 1692a(2) (emphasis added); *See Harrell v. Freedom Mtg. Corp*, 976 F.3d 434, 439 (4th Cir. 2020) ("When interpreting a statute, we start with its text…And we give that text its 'ordinary, contemporary, common meaning' and must 'enforce it according to its terms.') (citations omitted). Here, the form Notices sent to Plaintiff convey general information regarding the procedure for uncontested hearings and request Plaintiff to notify Defendant if she intended to attend the upcoming hearings. It is notable that Plaintiff cannot provide factual support for her bare assertion that such statements communicate information about the debt. And, as specifically addressed in Defendant's Memorandum in Support of its Motion for Summary Judgment, Plaintiff has judicially admitted the Notices do not convey any information regarding the alleged debt.

Moreover, *Ojogwu v. Rodenburg Law Firm*, No. 19-CV-0563 (PJS/TNL), 2020 WL 4548282 (D. Minn. Aug. 6, 2020) lends no support to Plaintiff's position. *Ojogwu* involved a constitutional challenge to the FDCPA. As the Honorable Patrick J. Schiltz stated in his slip opinion, "[t]he question is whether requiring service of a garnishment summons on a represented consumer's attorney instead of directly on the consumer," as was required under a Minnesota statute, "is an unconstitutional invasion of state sovereignty." *Ojogwu*, 2020 WL 4548282 at *3.

In an earlier order from the same case denying the defendant's motion to dismiss, Judge Schiltz rejected the defendants' arguments that: (1) a Minnesota statute authorizing service of a garnishment summons and associated paperwork constituted the "express permission of a court of competent jurisdiction" exception to the prohibition on direct communication with a represented debtor under 15 U.S.C. 1692c(a)(2); and (2) the FDCPA did not preempt the Minnesota statute. *Ojogwu v. Rodenburg Law Firm*, No. 19-CV-0563 (PJS/TNL), 2019 WL 6130450, (D. Minn. Nov. 19, 2019). Here, Defendant does not claim to have obtained the express permission of the circuit court in York County to communicate with Plaintiff directly. Nor is Defendant challenging the constitutionality of the FDCPA. Accordingly, while *Ojogwu* shares certain basic factual similarities with this case, it is difficult to see how its legal analysis aids in the disposition of the distinct issues involved in this action.

In determining whether a communication constitutes an attempt to collect a debt under the FDCPA, courts consider the "nature of the parties' relationship," the "[objective] purpose and context of the communication[ ]," and whether the communication includes a demand for payment." *In re Dubois*, 834 F.3d 522, 527 (4th Cir. 2016) (citing *Gburek v. Litton Loan Servicing LP*, 614 F.3d 380, 385 (7th Cir. 2010)). Defendant does not contest that the only relationship between it and Plaintiff is that of debt collector and debtor. However, the "animating purpose" of

4

the Notices of Hearing was not to obtain payment of Plaintiff's debt. *Dubois*, 834 F.3d at 527. Although incorrect about the precise purpose of the Notices of Hearing, Plaintiff herself even admits the Notices of Hearing were not intended to obtain payment. *See* Pltf.'s M.P.S.J. at p. 6. ("These notices contained false information that would lead an unsophisticated debtor to contact the Defendant debt collector and not rely on his or her own counsel for advice on case status, case strategy, and the prospects of success.").

While the absence of a demand for payment is not necessarily dispositive, it is "one of several factors" to be considered. *Gburek v. Litton Loan Servicing* LP, 614 F.3d 380, 385 (7th Cir. 2010). The lack of a demand for payment in the Notices of Hearing, coupled with the language thereof, clearly indicates the purpose of the Notices of Hearing was not to induce Plaintiff to pay her debt; but rather, to make Plaintiff aware of important information relating to uncontested hearing dates and procedures, as well as to determine whether Defendant would need to present live testimony at the hearings.

Moreover, to the extent Plaintiff implies the Notices of Hearing violate the FDCPA because they "contain a threat that the failure to communicate directly with the debt collector '"will increase the attorneys' fees and costs' the debt collector will ask the Court award against the Plaintiff," Plaintiff is mistaken. While Defendant expressly denies the Notices of Hearing contain any threats whatsoever, even if they did, threats of a potential increased attorney's fee award against Plaintiff would only be actionable under the FDCPA if they constitute "threat[s] to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5).

First, the statements regarding attorney's fees in the Notices of Hearing are not threats. They simply informed Plaintiff that if Defendant was required to reschedule the hearings in order to present witness testimony and other evidence to the court, Defendant's client, the Cole Creek

5

Homeowners Association ("Association"), would necessarily incur additional attorney's fees, which Defendant would seek to recover from Plaintiff on behalf of the Association. Second, as a member of the Association, Plaintiff is bound by its governing documents, which almost certainly allow the Association to recover its attorney's fees in an action against a member for non-payment of assessments. Accordingly, in the event the Association incurs additional attorney's fees in the state court foreclosure action, Defendant is legally permitted to attempt to recover those attorney's fees from Plaintiff on behalf of its client, and nothing indicates Defendant did not intend to do so if necessary. Therefore, the Notices of Hearing do not violate 15 U.S.C. § 1692e(5), and they are not communications made "in an attempt" to collect a debt under the factors set forth in *Dubois*.

## II.     The statements contained in the Notices of Hearing were not material.

"Whether a communication is false, misleading, or deceptive in violation of § 1692e is determined from the vantage of the 'least sophisticated consumer,'" evaluating how that consumer "would interpret the allegedly offensive language." *Powell*, 782 F.3d at 126 (citing *Russell v. Absolute Collection Servs., Inc.*, 763 F.3d 385, 394–95 (4th Cir.2014). A logical corollary of the least sophisticated consumer test is that false, deceptive, and misleading statements must be material to be actionable. *Id*; *see also, Donohue v. Quick Collect, Inc*., 592 F.3d 1027, 1033 (9th Cir.2010) ("[F]alse but non-material representations are not likely to mislead the least sophisticated consumer and therefore are not actionable under §§ 1692e or 1692f"). Thus, only misstatements that are important in the sense that they could objectively affect the least sophisticated consumer's decision-making are actionable. *Powell*, 782 F.3d at 126.

Here, while the "least sophisticated consumer" test accepted by the Fourth Circuit in *Powell* and *Russell* does apply to this case, a correct application of the test demonstrates that the Notices of Hearing sent to Plaintiff were not material. In *Russell*, the Fourth Circuit held that a

dunning letter sent to the plaintiff falsely claiming she had not paid off her outstanding debt and threatening to report such incorrect information to credit bureaus would mislead the least sophisticated consumer. *See Russell*, 763 F.3d at 395-96. In *Powell*, the Court held that an overstatement of the plaintiff's outstanding debt and a substantial understatement of the payments she had made thereon were material. *See Powell*, 782 F.3d at 127 ("But the least sophisticated consumer who previously believed that she had paid her debt in full could, upon receiving a copy of an assignment of judgment, be led to realize that she did indeed have a debt outstanding…[a]nd…could be led to decide to pay far more than she otherwise would have paid.").

The Notices of Hearing at issue in this case differ substantially from the communications at issue in *Powell* and *Russell*. For example, whereas information regarding the amount or status of a debt is susceptible to error in its calculation or in the application of payments—such that erroneous statements likely would mislead the least sophisticated consumer, who has unequal access to information vis-à-vis the debt collector, and is therefore, placed at a disadvantage—the information contained in the Notices of Hearing does not possess the same capacity to mislead. The statement that "[t]his case is being treated as an uncontested matter based on your failure to plead or otherwise respond…" is objectively false and conveys no information regarding Plaintiff's debt.

Further, the falsity of the statement is easily ascertainable through resort to the York County Public Index, which plainly reflects that Plaintiff has indeed filed a pleading in response to the Association's foreclosure action. As set forth in more detail in Defendant's Memorandum in Support of its Motion for Summary Judgment, Plaintiff has also admitted that she knew an Answer had been filed on her behalf prior to receiving either of the Notices. Consequently, the least sophisticated debtor in Plaintiff's position would have personal knowledge of the filing of a

7

responsive pleading, such that he or she would not be misled by the obviously false statements contained in the Notices of Hearing. Additionally, contrary to Plaintiff's claims, the least sophisticated debtor would not understand the procedural and practical implications of being in default under the *South Carolina Rules of Civil Procedure*.

When applying the least sophisticated consumer standard, courts must be mindful that "[u]nsophisticated readers may require more explanation than do federal judges; what seems pellucid to a judge, a legally sophisticated reader, may be opaque to someone whose formal education ended after sixth grade." *Smith v. Cohn, Goldberg & Deutsch, LLC*, 296 F. Supp. 3d 754, 759 (D. Md. 2017) (quoting *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010, 1020 (7th Cir. 2014)). Therefore, to the extent Plaintiff asserts that the "uncontested matter" provision of the Notices of Hearing imparts information regarding Plaintiff's debt understandable by the least sophisticated consumer, Plaintiff is incorrect. The hypothetical least sophisticated debtor—a non-lawyer—would certainly not understand such a provision to mean they were in default, nor would they understand the implications of such a position in litigation.

While not dispositive, the fact that Plaintiff took no action in reliance on the Notices of Hearing, other than immediately contacting her counsel, is telling. Plaintiff herself did not respond to Defendant, and she took no action to otherwise alter her litigation position. It is clear from Plaintiff's admissions and the deposition testimony of her prior counsel—filed with Defendant's Motion for Summary Judgment and Supporting Memorandum—that she was not misled by the statements contained in the Notices of Hearing; nor did the Notices of Hearing affect her decision making. For the reasons stated above, the least sophisticated debtor also would not be misled by the Notices of Hearing. Therefore, the statements contained in the Notices of Hearing were not material, and the Notices of Hearing do not violate the FDCPA

## **CONCLUSION**

For the foregoing reasons, in addition to those set forth in Defendant's Motion for Summary Judgment and Supporting Memorandum, Defendant respectfully requests this Court to deny Plaintiff's Motion for Partial Summary Judgment, grant Defendant's Motion for Summary Judgment, and dismiss this action with prejudice, with all costs assessed to Plaintiff, and for such other and further relief as the Court deems just and proper.

This 17th day of December, 2021.

                              Respectfully submitted,

                              COPELAND, STAIR, KINGMA & LOVELL, LLP

By:  *s/Douglas W. MacKelcan*
DOUGLAS W. MACKELCAN
Federal Bar No.: 10058
MICHAEL C. MASCIALE
Federal Bar No.: 12944

40 Calhoun Street, Suite 400
Charleston, South Carolina 29401
*dmackelcan@cskl.law*
*mmasciale@cskl.law*
Ph: 843-727-0307

6714851v.1