## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## ROCK HILL DIVISION

| | | |
|---|---|---|
| Stacey Darlene Poole, | ) | Case No.: 0:20-cv-3499-TLW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **DEFENDANT'S MOTION FOR** |
| | ) | **ATTORNEYS' FEES AND COSTS** |
| Black, Slaughter & Black, P.A., | ) | |
| | ) | |
| Defendant. | ) | |

YOU WILL PLEASE TAKE NOTICE that on the 14th day after service hereof, or as soon thereafter as counsel may be heard, Defendant Black, Slaughter & Black, P.A. ("Defendant"), by and through its undersigned counsel, will move and hereby does move before this Honorable Court for an Order awarding Defendant its attorneys' fees and costs incurred in the defense of this action. In support of this Motion, Defendant would respectfully show the Court as follows:

1.      This action arises from Plaintiff's receipt of two Notices of Hearing inadvertently sent to her by Defendant in a state law homeowners association assessment foreclosure action.[1]

2.      Plaintiff filed this action on October 2, 2020.  On October 30, 2020, Plaintiff filed an Amended Complaint, which alleged Plaintiff suffered mental and emotional distress as a result of receiving the Notices of Hearing and asserted claims for: (1) violation of the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*; and (2) violation of the South Carolina Unfair Trade Practices Act ("SCUTPA"), S.C. Code Ann. § 39-5-10, *et seq*.

3.      Defendant filed its Answer to Plaintiff's Amended Complaint on April 12, 2021, and the parties engaged in discovery, including the deposition of Plaintiff's former counsel, Brian Gambrell.

---

[1] *Cole Creek Homeowners Association Inc. VS Stacey D. Poole*, 2018-CP-46-03714.

4.     Discovery revealed Plaintiff had not suffered any damages sufficient to support a claim under the SCUTPA or to give her standing to maintain a claim under the FDCPA.

5.     During the pendency of this litigation—in at least February, March, April, May, and June, 2021—Defendant, by and through its counsel, made numerous attempts to resolve this matter via email and phone call to Plaintiff's counsel.  Each attempt was unsuccessful.

6.     On or around November 9, 2021, as the culmination of Defendant's settlement attempts, counsel for Defendant sent a letter to Plaintiff's current counsel highlighting the lack of evidence to support Plaintiff's claims but also offering to settle the matter for a reasonable amount, in order to avoid additional unnecessary litigation.   Said letter is attached hereto as Exhibit "A". Defendant's counsel never received a response from Plaintiff's counsel, and the offer expired in November, 2021.  Rather than responding to Defendant's settlement offer, Plaintiff's current counsel continued to pursue this frivolous litigation—filing a Motion for Partial Summary Judgment, ECF No. 30, on December 3, 2021; a Motion for Extension of Time to Respond to Requests for Admission, ECF No. 32 on December 17, 2021; and a Response to Defendant's Motion for Summary Judgment, ECF No. 33, on December 17, 2021.  Such filings required responses from Defendant's counsel, and Defendant was forced to incur additional otherwise-unnecessary attorney's fees in order to protect its interests.

7.     On December 3, 2021, following the conclusion of discovery, Defendant filed a Motion for Summary Judgment on both of Plaintiff's claims based on a lack of evidence establishing any mental/emotional or financial damages suffered by Plaintiff as a result of receiving the two Notices of Hearing.

8. On April 12, 2022, the Court granted Defendant's Motion for Summary Judgment, *see* ECF No. 40, Order Granting Def.'s MSJ, and dismissed this case with prejudice. *See* ECF No. 41, Order of Dismissal.

9. In its Order, the Court found that Plaintiff had conceded Defendant was entitled to summary judgment on her SCUTPA claim. *See* ECF No. 40 at p. 4. *See also,* ECF No. 33, Pltf.'s Resp. to Def.'s MSJ at p. 1 (admitting Plaintiff had not suffered a monetary or property loss as a result of Defendant's actions and conceding Defendant's entitlement to summary judgment on the SCUTPA claim).

10. Further, with regard to Plaintiff's FDCPA claim, the Court specifically found that "[Plaintiff] has not offered any evidence at all of her alleged damages—whether by deposition, affidavit, or otherwise—as is required at the summary judgment stage." ECF No. 40 at p. 8.

11. The Court also stated, "[Plaintiff] may have been temporarily confused when she received the first notice," *id.* at p. 9, "but her fears were quickly assuaged through a simple conversation with Gambrell," *id.* at p. 7, and that "[m]ore is required…[to] establish a concrete injury of emotional distress." *Id.* at p. 9. Further, with regard to Plaintiff's receipt of the second notice of hearing, the Court found "being told by counsel that [Plaintiff] would receive it undermines her claim that her eventual receipt of it caused actionable harm." *Id.*

12. Consequently, the Court concluded, "[c]onsidering the evidence in the light most favorable to Poole, the evidence simply does not establish that she suffered ***any*** injury in fact and her assertion to the contrary is not enough to establish standing. Thus, she has failed to establish that she suffered an injury that 'actually exists.'" *Id.* (emphasis added).

13. As the prevailing party in this action, Defendant seeks recovery of its costs and attorney's fees from Plaintiff, her current counsel, and/or her former counsel.

14.     To date, Defendant has incurred approximately $26,455.00 in attorney's fees and $1,158.00 in costs in the defense of this action.  The attorney's fees figure is broken down as follows:

a.     **Partner:**     $4,025 (16.1 hours at $250 per hour)
b.     **Associate:**     $22,180 (110.9 hours at $200 per hour)
c.     **Paralegal:**     $250 (2.5 hours at $100 per hour)

15.     Defendant is informed and believes that a detailed time entry report for the fees billed by its counsel, which may contain substantive entries relating to the representation, is protected by the attorney-client privilege.  However, Defendant can provide a copy of such report to the Court for inspection during an *in camera* hearing, if necessary.

16.     Defendant incurred $1,158.00 in costs to order the deposition transcripts necessary to support its Motion for Summary Judgment.  Defendant reserves the right to provide updated figures, if necessary, at a hearing on this Motion.

17.     Defendant is entitled to recover its costs and attorney's fees pursuant to: (1) Rule 54(d), FRCP; (2) the FDCPA, 15 U.S.C. §1692.l; (3) the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. § 15-36-10, *et seq.*; (4) 28 USC §1927; and (5) *Marx v. General Revenue Corp.*, 568 U.S. 371 (2013).  As noted above, both Plaintiff's FDCPA and SCUTPA claims lack a sufficient factual basis to confer standing on Plaintiff or to support a valid claim for damages.  Plaintiff and her former counsel were aware of the state of facts before this case was filed; nevertheless, they filed this action anyway, when they knew or should have known no factual basis existed to support Plaintiff's claims.

18.     Further, despite confirmation of this in discovery, Plaintiff's current counsel refused to settle and/or dismiss this case.  Instead, he and Plaintiff unreasonably and vexatiously

continued pursuing Plaintiff's groundless claims, as described in Paragraph 6, forcing Defendant to incur additional attorney's fees in the defense of this action.

19. Pursuant to *Barber v. Kimbrell's, Inc.*, 577 F.2d 216 (4th Cir. 1978), the undersigned is informed and believes the amount of attorney's fees sought is reasonable in light of the following:

a. **Time and Labor Expended.** Defendant's counsel has expended a total of approximately 129 hours of labor in the defense of this case. Such labor includes, but is not limited to: (1) legal research of federal law and associated case law; (2) preparation and filing of two motions to dismiss and supporting memoranda; (3) preparation and filing of an Answer; (4) preparation and service of discovery; (5) the deposition of Brian Gambrell; (6) preparation and filing of Defendant's Motion for Summary Judgment and supporting memorandum; (7) preparation and filing of other memoranda of law; and (8) case communications with Defendant and counsel for Plaintiff.

b. **Difficulty of Questions Raised and Required Skill.** This case presented relatively novel and difficult questions of law, as Defendant's counsel was unable to locate any case law directly on point and relating to notices of hearing and FDCPA violations. Further, the FDCPA is a technical area of federal law requiring an elevated level of skill, and Defendant's counsel was required to perform relatively extensive legal research in order to acquire the requisite level of competence to properly perform the legal services rendered.

c. **Opportunity Costs.** Defendant's counsels' representation in this case did not prevent them from accepting the representation of other clients in other matters.

d. **Customary Fee.** Defendant's counsel is informed and believes the average customary fee in South Carolina for work similar to the services rendered in this case is approximately $230.00 per hour.[2] Thus, Defendant's counsels' fee is in line with the average customary fee for similar services.

e. **Attorney's Expectations.** From the outset of the litigation, because attorney's fees and costs are allowable under the authority cited in Paragraph 17— and because the general facts of this case were known to the parties before the case was filed—Defendant reasonably expected to recover its attorneys' fees and costs as a result of the decisions by Plaintiff, her former counsel, and her current counsel to bring and unnecessarily prolong this frivolous action in bad faith.

---

[2] https://www.clio.com/resources/legal-trends/compare-lawyer-rates/sc.

f.     **Time Limitations.**  No express time limitations were imposed in this representation, although Defendant's counsel was careful to limit the amount of time spent, where possible.

g.     **Amount in Controversy and Results Obtained.**  As the FDCPA allows a successful plaintiff to recover a statutory penalty up to $1,000.00 and attorney's fees and costs, had Plaintiff prevailed in this case, Defendant's counsel estimates a total amount in controversy of approximately $31,000.00 ($30,000.00 in Plaintiff's attorney's fees through trial and $1,000.00 statutory penalty). In obtaining Summary Judgment and the dismissal of this action with prejudice, Defendant's counsel obtained a highly beneficial result for their client.  *See Farrar v. Hobby*, 506 U.S. 103, 103 (1992) (holding "the most critical factor" in determining an award "is the degree of success obtained).

h.     **Experience, Reputation, and Ability.** Douglas W. MacKelcan is lead counsel for Defendant on this case.  He is a Senior Partner in the firm of Copeland, Stair, Valz & Lovell, LLP and has been in practice for 15 years.  He has extensive experience handling various civil litigation matters and holds an AV-Preeminent peer review rating for professional excellence from Martindale-Hubbell.  Michael C. Masciale is also counsel for Defendant.  He is an Associate in the firm of Copeland, Stair, Valz & Lovell, LLP and has been in practice for approximately 4 years.  Despite only being in practice for a short time, he possesses considerable civil litigation experience, including successfully arguing dispositive motions in state and federal court and defending and taking key witness depositions.

i.     **Undesirability of Case.**  Defendant's counsel is informed and believes that the defense of FDCPA cases like the instant case could be considered undesirable by prospective attorneys, due to the nature of the claims and the broad application courts have afforded the FDCPA in protecting consumers.

j.     **Nature and Length of Professional Relationship.**  Defendant's counsel has represented it in this case since the filing of Plaintiff's Complaint on October 2, 2020.  Additionally, Defendant's counsel represented it in prior litigation in 2018—*Erdogan v. Preserve at Charleston Park Homeowners Association, Inc., et al.*, 2: 18-cv-00084-RMG.  Defendant was dismissed by Order of the Court granting its Motion to Dismiss, entered on June 21, 2018.

k.     **Amount of Similar Awards.** Defendant's counsel is informed and believes the amount of attorneys' fees requested is reasonable in light of similar awards in FDCPA cases.  *See, e.g., Randall v. H&P Capital, Inc.*, 513 Fed.Appx. 282 (4th Cir. 2013 ($76,876.59); *Beasley v. Red Rock Financial Services, LLC*, 2016 WL 8261707 (E.D.V.A. 2016) ($33,510); *Scroggin v. Credit Bureau of Jonesboro, Inc.*, 973 F. Supp.2d 961 (E.D.Ark. 2013) ($30,905); *Kohli v. Independent Recovery Resources, Inc.*, 2022 WL 706695 (E.D.N.Y. 2022) ($46,620); *Stinson v. Hanz & Franz, LLC*, 2014 WL 12519955 (S.C.Com.Pl. 2014) ($20,700 in FLSA case).

WHEREFORE, for the foregoing reasons, in addition to any presented via supplemental memorandum in advance of a hearing on this Motion, Defendant respectfully requests this Court to order Plaintiff, her former counsel, and/or her current counsel to pay Defendant its attorneys' fees and costs incurred in the successful defense of this action, in the amounts of $26,455.00 and $1,158.00 respectively.

This 27th day of April, 2022.

Respectfully submitted,

COPELAND, STAIR, VALZ & LOVELL, LLP

By:    */s/ Douglas W. MacKelcan*

40 Calhoun Street, Suite 400          DOUGLAS W. MACKELCAN
Charleston, SC 29401                  Federal Bar No.: 10058
*dmackelcan@csvl.law*                 MICHAEL C. MASCIALE
*mmasciale@csvl.law*                  Federal Bar No.: 12944
Ph: 843-727-0307

6800376v.1