LAW OFFICES

# COPELAND, STAIR, KINGMA & LOVELL, LLP

<table>
<tr><td>DOUGLAS W. MACKELCAN<br>Partner<br>MICHAEL C. MASCIALE<br><br>DIRECT DIAL NUMBERS<br>(843) 266-8228<br>(843) 266-8223<br><br>E-MAIL ADDRESSES<br>dmackelcan@cskl.law<br>mmasciale@cskl.law</td><td>40 Calhoun Street, Suite 400<br>**CHARLESTON, SC 29401**<br><br>TELEPHONE (843) 727-0307<br><br>FAX (843) 727-2995<br><br><br>www.cskl.law</td><td>ATLANTA OFFICE<br>191 Peachtree Street, N.E.<br>Suite 3600<br>Atlanta, Georgia 30303-1740<br>**(404) 522-8220**<br><br>REPLY TO SC OFFICE</td></tr>
</table>

November 9, 2021

**VIA EMAIL**
Andrew S. Radeker, Esq.
Harrison, Radeker & Smith, P.A.
P.O. Box 50143
Columbia, SC 29250
drew@harrisonfirm.com

**CONFIDENTIAL SETTLEMENT COMMUNICATION**
**INADMISSIBLE PURSUANT TO RULE 408, FRE**

Re:    Stacey Darlene Poole v. Black, Slaughter & Black, P.A.
       Case No.: 0:20-3499-TLW
       CSKL File No.: 5147-61364

Dear Drew:

As you know, we took the deposition of your client's former counsel, Brian Gambrell, last week. I believe the deposition was largely supportive of my client's position that the statements made in the Notices of Hearing inadvertently sent to Ms. Poole were not material and did not mislead her, and that she did not suffer any damages as a result of receiving them. It is clear from Mr. Gambrell's testimony that very soon after receiving the September 9, 2020 Notice of Hearing, Ms. Poole was informed that the statements made therein were false, that the notice had been mistakenly sent to her, and that her case was in fact being contested.

Further, Mr. Gambrell gave Ms. Poole advance notice of the inadvertently-sent September 18, 2020 Notice of Hearing—which was almost identical to the September 9 Notice of Hearing—and she was not surprised when she received it in the mail. This again goes to show: (1) that Ms. Poole was not misled by any of the statements contained in the Notices of Hearing because she knew they were false; and (2) that she was not damaged as a result of receiving them.

Moreover, Mr. Gambrell testified that, other than the two aforementioned Notices of Hearing, Black, Slaughter & Black always communicated directly with his office during the underlying HOA foreclosure action. This testimony, along with the affidavits of David Wilson and Leeann Simpson attached to our Motion to Dismiss, provides strong support for my client's defense that the mailing of the Notices of Hearing directly to Ms. Poole was unintentional and the result of a bona fide error. Additionally, as you know, the HOA filed a motion for summary judgment in the underlying action based largely on admissions resulting from Ms. Poole's failure to respond to Requests to Admit served on Mr. Gambrell, and the court ultimately granted the motion as to Ms. Poole's liability. Rather than conducting discovery and attempting to elicit competent evidence to survive summary judgment on this issue, Mr. Gambrell filed a motion for sanctions in the foreclosure case and filed this action in Federal Court against Black, Slaughter & Black.

Based on the foregoing, this action likely should not have been filed. The apparent lack of damages suffered by your client as a result of her receipt of the Notices of Hearing—combined with the disadvantage at which she found herself in the foreclosure action due to her failure to respond to the Requests to Admit—suggests this action may not have been brought for a proper purpose under the FDCPA.

Further, by failing to timely respond to the Requests for Admission we served on you on August 27, 2021, your client has admitted many material facts which defeat her claims and support my client's defenses in this action. On October 25, 2021, pursuant to Rule 11, FRCP, I sent you a letter regarding your client's failure to respond to our first discovery requests, including the Requests for Admission. To date, we still have not received any responses from your client. Accordingly, we intend to move for summary judgment in the near future based on your client's admissions, Mr. Gambrell's testimony, and the other evidence in this case.

While my client is confident in its position, in a good faith effort to resolve this matter before the parties are forced to incur additional costs in further litigation, my client has authorized me to extend to Ms. Poole an offer of ███████████████ in exchange for a full and final settlement of this case, including a full release of any claims or matters relating hereto. This settlement offer will expire and be withdrawn if I do not receive a written notice of acceptance from you by the *end of business on Monday November 15, 2021*.

In the event I do not receive a response by then, or your client rejects the settlement offer, my client has instructed me to proceed with filing a motion for summary judgment. Further, if we are required to go forward with litigation and are successful, my client is seriously considering taking action to recover its fees and costs incurred in the defense of this action. This may include, but is not limited to, sanctions pursuant to Rule 11, FRCP and the South Carolina Frivolous Civil Proceedings Sanctions Act, as well as fees and costs recoverable under 15 U.S.C. § 1692k(a)(3).

6691328v.1

Please let me know if you have any questions or would like to discuss this case and my client's settlement offer further. Otherwise, I look forward to receiving your client's response by the end of business on Monday November 15, 2021.

Sincerely,

*s/ Michael C. Masciale*

DOUGLAS W. MACKELCAN
MICHAEL C. MASCIALE

MCM:dw


cc (via email):     Rhonda Schaub
                    Doug MacKelcan
                    Desja Wilder

6691328v.1